It is first noted that this matter was referred to the undersigned at the request of J. Howard Bunn, Jr., Chairman of the Industrial Commission, following the termination of involvement in this matter by Commissioner J. Randolph Ward.
The undersigned's Order of 18 July 1995, which is fully incorporated herein, required defendants to note "what documents or parts of documents within the files" should not be revealed pursuant to a recognized legal privilege and to document the relevant legal authority for such position. The undersigned will rule on defendants' discovery objections and plaintiff's responses using the same category designations as used by defendants.
* * * * * * * * * * * * *
Initially, the undersigned notes that there are items that need not be revealed as their appropriateness for discovery is no longer controverted and which are the following:
 a. The documents contained in the file labeled as "File #1" were not objected to and have been released to counsel for plaintiff.
 b. Counsel for plaintiff has also been provided a written transcript of a cassette tape contained in the file labeled as "File #2." The original cassette tape therefore need not be provided to counsel for plaintiff.
 c. Plaintiff indicated her response that she does not request materials designated as "Legal Fees," category (6) in defendants' memorandum, to the extent the materials are limited to that subject. Category (6) being limited to the subject of legal fees, the materials contained therein need not be provided to counsel for plaintiff.
 d. Category (8) "Pendlist" has been redacted of information concerning claims other than that of plaintiff and defendants have released these redacted pages to counsel for plaintiff.
Additionally, the undersigned rules as follows:
Category (1) "Correspondence to Cigna from insured" — After careful consideration, defendants' OBJECTION regarding the documents in this category is SUSTAINED, in that the documents are subject to the protection of the trial preparation exception of Rule 26(b)(3) and need not be revealed to counsel for plaintiff. N.C. R. Civ. P. § 26(b)(3); Willis v. Duke Power Company, 291 N.C. 19,229 S.E.2d 191 (1976).
Category (2) "Correspondence to defendants' attorney" — After careful consideration, defendants' OBJECTION regarding the documents in this category is SUSTAINED, in that the documents are subject to the attorney-client privilege and/or the trial preparation exception Rule 26(b)(3) and need not be revealed to counsel for plaintiff. Id.
Category (3) "Correspondence from JBW [defendants' attorney] to insured" — After careful consideration, defendants' OBJECTION regarding the documents in this category is SUSTAINED, in that the documents are subject to the attorney work product and attorney-client privileges and/or the trial preparation exception of Rule 26 (b)(3) and need not be revealed to counsel for plaintiff. Id.
Category (4) "Correspondence from JBW to Cigna" — After careful consideration, defendants' OBJECTION regarding the documents in this category is SUSTAINED, in that the documents are subject to the attorney work product and attorney-client privileges and/or the trial preparation exception of Rule 26 (b)(3) and need not be revealed to counsel for plaintiff. Id.
Category (5) "Omni daily log/Claim Comments" — After careful consideration, defendants' OBJECTION regarding the documents in this category is DENIED IN PART. Plaintiff has shown a substantial need for the documents in this category and has established that the substantial equivalent thereof could not be obtained without undue hardship. Further, the documents in this category were created in the normal course of business, and therefore not subject to the qualified immunity provided by the trial preparation exception of Rule 26(b)(3). Id. However, specific log entries in the documents are otherwise privileged and have been redacted such that the privileged information will not be revealed to counsel for plaintiff. Id.
Category 7 "Cigna status reports, reserve calculations, etc" — After careful consideration, defendants' OBJECTION regarding documents in this category is DENIED IN PART. Plaintiff has shown a substantial need for the documents in this category and has established that the substantial equivalent thereof could not be obtained absent a undue hardship. Further, certain documents in this category were created in the normal course of business, and are therefore not subject to the qualified immunity provided by the trial preparation exception of Rule 26(b)(3). Id. However, certain other documents or portions of other documents in this category are otherwise privileged or contain information concerning claimants other than plaintiff and have been redacted such that the privileged information will not be revealed to counsel for plaintiff. Id. Also, this category contains duplicates of non-privileged documents that need not be revealed to counsel for plaintiff in duplicate. Finally, included in this category are documents designated as "Intracorp Esis dedicated resource model" which have been redacted by defendants of information concerning other claimants and provided to counsel for plaintiff.
Further, as defendants' memoranda indicates, their file contains many duplicated documents. Specifically, there is large group of documents which duplicate those in Category 5 designated by defendants as "Omni daily log/claim comments." Although duplicate copies need not be prepared to be revealed to counsel for plaintiff, the undersigned has discovered, on one page, entries in the log which do not appear in the main group of Category 5 documents. This page has been redacted of privileged information and is also to be revealed to counsel for plaintiff.Id.
Finally, the undersigned will remain in possession of defendant-carrier's file and portion thereof to be revealed to counsel for plaintiff for a period of FIFTEEN DAYS (15) following receipt of this Order by defendants. If at the end of that period no further objections have been filed, the undersigned will provide, in accordance with the rulings above, documents from defendant-carrier's file to counsel for plaintiff.
No costs are assessed at this time.
 S/ ______________________________ THOMAS J. BOLCH COMMISSIONER